IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LE-VEL BRANDS, LLC** § | |
| § | |
| *Plaintiff*, § | |
| § | No.  3:22-CV-01366 |
| v. § | |
| § | |
| **NATHASA ROBERSON,** § | |
| § | |
| *Defendant*. § | |
| § | |

**PLAINTIFF'S MOTION FOR STATUS CONFERENCE
AND TO EXTEND TEMPORARY RESTRAINING ORDER**

Plaintiff Le-Vel Brands, LLC filed this case against Defendant Natasha Roberson to enforce a non-solicitation agreement. Presented with overwhelming evidence that Roberson was breaching her agreement, the state court entered a temporary restraining order ("TRO") enforcing the agreement and preserving the status quo. The state court set a June 30 temporary injunction hearing. In a signed Rule 11 agreement, the parties agreed "to file an agreed motion resetting the temporary injunction hearing and extending the TRO." *See* Ex. 1.

Roberson then removed the case to this Court, meaning the case "simply comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland*, 960 F.2d 512, 520 (5th Cir. 1992). Just three days after agreeing to extend the TRO, Roberson changed course, and now opposes any extension. Le-Vel therefore respectfully requests that the Court set a status conference and extend the TRO, which would otherwise expire on June 30.

**I.      FACTUAL BACKGROUND**

Plaintiff Le-Vel Brands is a direct-sales company that sells health-and-wellness products. Doc. 1-6, p. 12. Le-Vel markets its products exclusively through independent distributors called

"promoters." *Id.* Before someone can become a promoter, he or she must agree to Le-Vel's "Promoter Agreement," which includes a two-year non-solicitation provision. *Id.*

Defendant Natasha Roberson is a former high-ranking promoter who agreed to the Promoter Agreement. *Id.* at p. 13. On June 16, 2022, after compiling overwhelming evidence that Roberson was raiding Le-Vel's salesforce and causing irreparable harm, Le-Vel filed its Original Petition, Verified Application for Temporary Restraining Order and Temporary Injunction, and Motion for Expedited Discovery in Dallas County, Texas. Doc. 1-6, p. 1. The state court held a hearing (in which both sides were represented by counsel), granted the TRO, and set the temporary injunction hearing for June 30, 2022. Doc. 1-10.

On June 20, under Texas Rule of Civil Procedure 11, the parties agreed "to file an agreed motion resetting the temporary injunction hearing and extending the TRO." *See* Ex. 1. On June 23, Roberson removed the case to this Court. Doc. 1. In a telephone conference on June 24, Roberson's counsel indicated Roberson is now opposed to extending the TRO.

## II. ARGUMENTS AND AUTHORITY

**1. Le-Vel request a status conference.**

Le-Vel respectfully request a status conference. In particular, Le-Vel requests an opportunity to confer with the Court about scheduling the preliminary injunction hearing, discovery, and related briefing, along with any interim relief that may be necessary. *See Leaf Trading Cards, LLC v. Upper Deck Co.*, No. 3:17-CV-03200-N, 2017 WL 9534099, at *1 (N.D. Tex. Dec. 11, 2017) (ordering the parties "to confer regarding expedited discovery and a briefing schedule for presenting the application for preliminary injunction on the papers."); FED. R. CIV. P. 16 (purposes of a pretrial conference include "expediting disposition of the action [and] establishing early and continuing control"). Roberson is unopposed to this request.

### 2. The Court should extend the TRO.

Absent further agreement or order, the current TRO will expire on June 30. Doc. 1-10. Federal Rule of Civil Procedure 65(b)(2) authorizes the Court to extend the TRO for an additional 14 days (that is, until July 14, 2022) for good cause, or longer if the "adverse party consents." In the state-court Rule 11 agreement, before Roberson changed course, "the parties agree[d] to file an agreed motion resetting the temporary injunction hearing and extending the TRO" (Ex. 1)—although Roberson now opposes any extension.

Separately, there is good cause to continue preserving the status quo. "Courts have found good cause to extend TROs, for example, where the court needed time to fully consider the various arguments and motions of the parties; where the moving party needed additional time to prepare and present its preliminary injunction, despite diligent efforts; and where the moving party was continuing to attempt to serve the defendants and obtain more information about the case." *Sec. & Exch. Comm'n v. AriseBank*, No. 3:18-CV-186-M, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) (internal quotation omitted). Here, the TRO simply requires Roberson to honor her contract for a short period while the Court develops a plan for the preliminary injunction hearing. Preserving the status quo would prevent Roberson from further breaching her non-solicitation agreement, which is "the epitome of irreparable harm" and why "enforcement of valid noncompete covenants by injunction is the rule rather than the exception in Texas courts." *Providence Title Co. v. Truly Title, Inc.*, 547 F. Supp. 3d 585, 604 (E.D. Tex. 2021).

### III. CONCLUSION

Le-Vel respectfully requests that the Court enter the attached order setting a status conference and extending the temporary restraining order.

Respectfully submitted,

*/s/ Parker Graham*
Parker Graham
  Bar No. 24087612
  pgraham@ccsb.com
Brent Rubin
  Bar No. 24086834
  brubin@ccsb.com
Jordan Brownlow
  Bar No. 24120729
  jbrownlow@ccsb.com
CARRINGTON, COLEMAN, SLOMAN
& BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Phone: (214) 855-3000
Fax: (214) 855-1333

*Attorneys for Plaintiff*


### CERTIFICATE OF CONFERENCE

　　　I certify that I conferred with Defendant's counsel as follows: Starting on June 17, 2022, Defendant's counsel and I conferred about an agreement to reset the temporary injunction hearing and extend the TRO. On June 22, Defendant's counsel sent me a signed copy of the Rule 11 agreement, a true and correct copy of which is attached as Ex. 1. After Defendant removed the case, I conferred with Defendant's counsel by email on June 23 and 24 about the relief requested in this motion. In a June 24, 2022 telephone call, Defendant's counsel said he was opposed to any extension of the TRO, but unopposed to the status conference.

*/s/ Parker Graham*