IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LE-VEL BRANDS, LLC** | § § § | |
| *Plaintiff*, | § § | No. 3:22-CV-01366-S |
| v. | § § | |
| **NATHASA ROBERSON,** | § § | |
| *Defendant.* | § § § | |

**ORDER SETTING STATUS CONFERENCE AND**
**EXTENDING TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65, the Court sets a status conference and extends the June 16, 2022 Temporary Restraining Order ("TRO") as follows:

1. On June 16, 2022, Dallas County Associate Judge Tahira Merritt entered the TRO against Defendant Natasha Roberson ("Defendant") and set a June 30, 2022 hearing on Plaintiff's Application for Temporary Injunction. On June 23, 2022, Defendant removed the case to this Court. Doc. 1. Having considered Plaintiff Le-Vel Brands, LLC's motion to set a status conference and to extend the TRO, the motion is hereby **GRANTED**.

2. The Court sets a status conference for _____, 2022 at _____, to determine a date for a preliminary injunction hearing, and the schedule for any briefing and discovery before the hearing.

3. Federal Rule of Civil Procedure 65 authorizes the Court to extend the TRO for an additional 14 days for good cause, and longer with the defendant's consent. The Court finds good cause to extend the TRO while the Court and the parties develop a plan for the preliminary injunction hearing. *Sec. & Exch. Comm'n v. AriseBank*, No. 3:18-CV-186-M, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018).

4. Therefore, unless otherwise ordered or agreed, the TRO will remain in full force and effect until July 14, 2022. During this period, it is **ORDERED** that Defendant, including her agents, representatives, and all other persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise (collectively, the "Restrained Parties") shall not, directly or indirectly:

a) Solicit or recruit, or attempt to solicit or recruit, any of Le-Vel's employees, independent contractors, customers or Promoters (or their prospects) to join, promote, buy products from, or represent any other company, organization, business opportunity, or venture, regardless of any previous relationship, business or otherwise, between the Promoter and any employee, independent contractor, customer, or Promoter (or their prospects) of Le-Vel or its affiliates to work for or with another direct sales company;

b) Hire, or attempt to hire, any employee, independent contractor, customer or Promoter of Le-Vel or its affiliates, regardless of any previous relationship, business or otherwise, between the Promoter and any employee, independent contractor, customer or Promoter of Le-Vel or its affiliates;

c) Approach or solicit any business prospect, manufacturer or supplier of Le-Vel or any of its affiliates, in order to attempt to direct any of the same away from Le-Vel or its affiliates or reduce or alter any such association or business with Le-Vel or its affiliates, regardless of any previous relationship, business or otherwise, between the Promoter and any business prospect, manufacturer or supplier of Le-Vel or its affiliates;

d) Solicit or divert any business away from Le-Vel or its affiliates; or

e) Otherwise interfere or attempt to interfere with any of the contractual business or economic relationships of Le-Vel or its affiliates with other parties.

5. The $1,000 shall remain in full force and effect.

SIGNED on June _____, 2022 _____a.m./p.m.

_____
THE HONORABLE KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE