# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LE-VEL BRANDS, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-1366-S |
| | § | |
| NATASHA ROBERSON | § | |

## ORDER

This Order addresses Plaintiff's Motion for Status Conference and to Extend Temporary Restraining Order ("Motion") [ECF No. 3]. The Court has also reviewed and considered Defendant Natasha Roberson's Notice of Removal [ECF No. 1], Plaintiff's Original Petition and Verified Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction and Motion for Expedited Discovery [ECF No. 1-6] ("Petition"), and the state court's Order Granting Temporary Restraining Order and Expedited Discovery [ECF No. 1-10]. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I.  BACKGROUND

This is a removal of Plaintiff Le-Vel Brands, LLC's state court action against Defendant to enforce a non-solicitation agreement. Plaintiff is a direct-sales company that sells health products through independent distributors called "promoters." Pet. 12. Defendant formerly worked for Plaintiff as a "high-ranking promoter," and signed a "Promoter Agreement" that included a two-year non-solicitation provision. *Id.* On June 16, 2022, Plaintiff filed its Petition against Defendant seeking a temporary restraining order ("TRO"), temporary injunction, and expedited discovery with the 162nd District Court, Dallas County, Texas. After holding a hearing at which both sides were represented by counsel, the state court granted Plaintiff's request for a TRO and set the temporary injunction for hearing on June 30, 2022. *See* ECF No. 1-10. On June 20, 2022, counsel for both parties entered into an agreement pursuant to Texas Rule of Civil

Procedure 11 to "file an agreed motion resetting the temporary injunction hearing and extending the TRO." *See* Mot. Ex. 1. Three days later, on June 23, 2022, Defendant removed. *See* ECF No. 1. According to the certificate of conference included with Plaintiff's Motion, Defendant is now opposed to any extension of the TRO. Mot. 4.

## II. ANALYSIS

Under 28 U.S.C. § 1450, when a state court action is removed to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Accordingly, upon removal, the length of an injunction granted in state court becomes governed by Federal Rule of Civil Procedure 65. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Co.*, 415 U.S. 423, 435. Rule 65(b) authorizes courts to extend a TRO for an additional 14 days upon a finding of "good cause." FED. R. CIV. P. 65(b)(2). "Courts have found good cause to extend TROs, for example, where the court needed time to fully consider the various arguments and motions of the parties; where the moving party needed additional time to prepare and present its preliminary injunction, despite diligent efforts; and where the moving party was continuing to attempt to serve the defendants and obtain more information about the case." *S.E.C. v. AriseBank*, No. 3:18-cv-186-M, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) (internal quotation marks and citations omitted).

The Court finds that good cause exists in this case to extend the TRO. Plaintiff has shown that a hearing was approaching on its motion for preliminary injunction in state court, and Defendant removed the case after agreeing to extend the state court TRO and preliminary injunction hearing, and only days before the state court hearing was set. Having considered the state court's TRO, the Court is convinced that Plaintiff is entitled to the protections afforded therein, and that Defendant's removal should not deprive it of those protections before a hearing

can be held. Further, Plaintiff has shown that it needs more time to prepare and present its preliminary injunction in this Court. The Court also finds that an extension is warranted because Defendant does not appear to have been harmed by the grant of the present TRO.

### III.   CONCLUSION

For the reasons set forth above, it is **ORDERED** that Plaintiff's Motion for Status Conference and to Extend Temporary Restraining Order [ECF No. 3] is **GRANTED**.

The Court sets this case for status conference on **July 5, 2022,** at **4:00 p.m.**, in Courtroom 1632, Earle Cabell Federal Building, 1100 Commerce Street, Dallas, Texas.

All relief not expressly granted herein is denied.

**SO ORDERED.**

SIGNED June 27, 2022 at 3:11 PM

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**